United States District Court
Southern District of Texas
**ENTERED**
November 03, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ERICK BLADIMIR TORRES RIVERA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:26-CV-09357** |
| | § | |
| **MARTIN FRINK, BRET BRADFORD, MARKWAYNE MULLIN and TODD BLANCHE,** | § | |
| | § | |
| | § | |
| | § | |
| **Respondents.** | § | |

**ORDER OF DISMISSAL**

Erick Bladimir Torres Rivera is being detained at the Houston Contract Detention Facility in Houston, Texas, in the custody of the Department of Homeland Security. He filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Dkt. No. 1). Rivera has also filed a Motion for An Order to Show Cause. (Dkt. No. 2). Rivera admits that he previously entered the United States as a "noncitizen." (Dkt. No. 1 at 15). Rivera does not argue that he legally entered the United States. He nonetheless asserts that his current detention is illegal because (1) his initial arrest was unlawful, (2) it violates due process principles, and (3) the Government has applied the wrong statute to justify his detention. (Dkt. No. 1 at 9-16).

A district court entertaining an application for a writ of habeas corpus "shall forthwith award the writ" or issue a show cause order "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. A petition brought under 28 U.S.C. § 2241 is subject to summary dismissal if it "plainly

appears from the face of the petition . . . that the petitioner is not entitled to relief." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting Rule 4 of the Rules Governing Section 2254 Cases); *see also* Rule 1(b) of the Rules Governing Section 2254 Cases (permitting courts to apply such rules to habeas petitions not covered by Rule 1(a), including § 2241 petitions).

In *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502–08 (5th Cir. 2026), the Fifth Circuit held that an alien present in the United States who has not been admitted is both an "applicant for admission" and deemed to be "seeking admission," and that such aliens are thus subject to mandatory detention under Section 1225(b)(2)(A). This Court has discussed *Buenrostro-Mendez* in detail in prior opinions. *See Martinez-Ortiz v. Mullin*, No. 4:26-CV-06446, 2026 WL 3061118, at *2 (S.D. Tex. Oct. 9, 2026); *Lopez v. Tate*, No. 4:26-CV-06401, 2026 WL 2958295, at *2–3 (S.D. Tex. Oct. 1, 2026). The Fifth Circuit's binding opinion in *Buenrostro-Mendez* forecloses the statutory argument that such an alien is not subject to mandatory detention under Section 1225(b)(2)(A), along with any derivative claim that the agency lacks statutory authority to detain him on that basis. *Buenrostro-Mendez*, 166 F.4th at 502–08. Rivera's arguments to the contrary are unpersuasive and are rejected. (Dkt. No. 1 at 15).

The Fifth Circuit has also clarified that mandatory detention under Section 1225(b)(2)(A), without an individualized bond hearing, does not violate procedural or substantive due process merely because the Government has not established dangerousness or flight risk. *Sosnava Rodriguez v. Vergara*, ____ F.4th ____, 2026 WL 3181188, at *5, *10, *13 (5th Cir. Oct. 23, 2026) (en banc). With reference to detention

pending conclusion of removal proceedings for aliens who, like Rivera, have never been admitted, the decision holds that procedural due process does not require additional proceedings beyond those Congress has provided before detention under Section 1225(b)(2)(A). *Id.* at *5. As to that category of aliens, "the decisions of executive or administrative officers, acting within powers expressly conferred by Congress, *are* due process of law." *Id.* at *5 (quoting *DHS v. Thuraissigiam*, 591 U.S. 103, 138, 140 S.Ct. 1959, 1982, 207 L.Ed.2d 427 (2020)) (emphasis in original). The Fifth Circuit also held that "[a]ny assertion of a fundamental right to freedom from custody pending removal proceedings fails." *Id.* at *10. Citing the Eighth Circuit, the Fifth Circuit further held that "[s]o long as an alien's detention pending removal 'ha[s] a definite termination point'—removal or release—his or her continued confinement without bond hearing does not offend due process." *Id.* at *13 (citing *Banyee v. Garland*, 115 F.4th 928, 932 (8th Cir. 2024)).

Taken together, these decisions resolve the statutory and due-process claims presented by Rivera.[1] In addition, this Court has previously rejected the other arguments Rivera raises:

- *Gabino-Coba v. Frink*, No. 4:26-CV-06453, Dkt. No. 7 at 7–9 (S.D. Tex. Oct. 26, 2026). Rejecting Gabino-Coba's argument that alleged agency violations related to her arrest, even if proven, would entitle her to release from custody. "The *Accardi* doctrine does not provide the relief Gabino-Coba seeks." *Id.* at 9.

---

[1] *Sosnava Rodriguez* recognizes that a due-process issue may arise if the Government delays removal merely as punishment or continues to detain an alien after it becomes clear that removal is only a remote possibility. *Sosnava Rodriguez*, 2026 WL 3181188, at *13. In *Zadvydas v. Davis*, 533 U.S. 678, 701, 121 S.Ct. 2491, 2505, 150 L.Ed.2d 653 (2001), the Supreme Court construed 8 U.S.C. § 1231(a)(6) to include a presumptively reasonable six-month period of post-removal-order detention. Rivera, however, is not subject to a final order of removal at this time.

- *Martinez-Ortiz v. Mullin*, No. 4:26-CV-06446, 2026 WL 3061118, at *4 (S.D. Tex. Oct. 9, 2026). Rejecting Martinez-Ortiz's argument that because his arrest allegedly violated the Fourth Amendment, he was entitled to release. "The mere fact of an illegal arrest has no bearing on a subsequent deportation proceeding." *Id.* (quoting *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1040, 104 S.Ct. 3479, 3483–84, 82 L.Ed.2d 778 (1984)).

Because Rivera's petition raises only issues that have previously been resolved to the contrary in the decisions cited above, it appears from the face of the petition that he is not entitled to relief. Based on the facts presently before the Court, the petition is therefore **DISMISSED with prejudice**. (Dkt. No. 1). Rivera's Motion to Issue an Order to Show Cause is likewise **DENIED as moot**. (Dkt. No. 2).

It is **SO ORDERED**.

Signed on November 3, 2026.

Drew B Tipton

DREW B. TIPTON
**UNITED STATES DISTRICT JUDGE**